# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN JAVIER BANK,

    *Petitioner*,

vs.

THE HONORABLE MICHELLE LEAVITT, *et al.*,

    *Respondents*.

Case No. 2:16-cv-01045-KJD-VCF

ORDER

This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Proceedings as well as on multiple motions (ECF Nos. 2, 3, 5, 7 and 9) filed by petitioner. The filing fee has been paid.

## *Background*

The papers on file and the online docket records of the state courts reflect the following.[1]

Petitioner Steven Bank was convicted, pursuant to a guilty plea, of attempt burglary, in No. C-14-302181 in the state district court. He was sentenced to 12 to 32 months, but the sentence was suspended and he was placed on probation not to exceed 18 months.

The judgment of conviction was filed on April 14, 2016. Bank did not file a direct appeal.

---

[1] The Court takes judicial notice of the online docket records of the state courts. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court and the state appellate courts may be accessed from:
    https://www.clarkcountycourts.us/Anonymous/default.aspx
    http://nvcourts.gov/Supreme/#

On April 20, 2016, only six days after the judgment of conviction had been filed, it appears that a probation violation report was filed in the state district court record.

On May 9, 2016, petitioner filed the present federal habeas action, seeking to challenge the judgment of conviction on multiple grounds. In response to petition form inquiries, petitioner indicated that he had not raised any of the grounds in the state supreme court. He stated that he had not done so because the "Nevada Supreme Court will never accord to Bank any relief whatsoever," "he has proven this time and time again," and "only licensed attorneys receive any sort of due process."[2]

Minutes from a May 17, 2016, probation revocation proceeding reflect that the State withdrew the request for revocation on the basis that Bank had been in compliance with his conditions after the alleged initial violation. The state district court imposed an additional condition of probation that Bank undergo a mental health evaluation and counseling. The court further admonished Bank that if he went onto a particular involved piece of property again in violation of the conditions of his probation, his probation would be revoked.

An amended judgment of conviction was filed on May 26, 2016. Bank did not file a direct appeal.

On July 12, 2016, another probation violation report was filed in the state district court.

Petitioner thereafter filed multiple motions in this Court seeking a stay of the pending state probation revocation proceedings, which motions remain under submission.

---

[2]ECF No. 1, at 14. All page citations to federal record materials are to the electronic docket page number in the header at the top of the page unless otherwise indicated.

Review of the online docket records of the Supreme Court of Nevada reflect that – in connection with a prior criminal matter – petitioner filed: (a) an appeal in No. 66172 from an unappealable order denying a motion for reconsideration of an application for change of judge, which the state supreme court dismissed for lack of jurisdiction; and (b) an original petition for extraordinary relief in No. 66141 also challenging the denial of a motion for reconsideration of a motion to change judge, as to which the state supreme court declined to exercise its discretionary original jurisdiction. There is no requirement under either state or federal law that a state supreme court exercise an discretionary jurisdiction to consider an original petition for an extraordinary writ filed in lieu of a direct appeal and/or an appeal from the denial of a state post-conviction petition. *See, e.g., Ex parte Hawk*, 321 U.S. 114 (1944). It does not appear from a review of the state supreme court's online docket records that Bank has filed a timely direct appeal from an appealable order – as to the current state criminal proceeding or any other - and been denied an opportunity for review.

State district court minutes reflect that Bank refused to be transported from the detention center for scheduled probation revocation hearings on July 28, 2016, and August 11, 2016. According to the minutes, Bank allegedly disrupted proceedings in an unrelated case when he was present in court on August 16, 2016; and the matter was continued so that, *inter alia*, Bank could consult with his counsel. When the matter came on again for a probation revocation hearing on August 30, 2016, Bank indicated that he was having a disagreement with defense counsel and wished to represent himself. Following a *Faretta* canvass, petitioner proceeded thereafter in proper person, with the court appointing defense counsel as standby counsel.

The minutes reflect that the matter thereafter came on for a probation revocation hearing on September 8, 2016. The state district court ordered that Bank's probation be revoked and sentenced him to a modified sentence of 267 days with 267 days credit for time served.

An amended judgment of conviction was filed on September 20, 2016. Bank did not file a direct appeal.

Bank thereafter has not filed a state post-conviction petition or any other proceeding in state court with regard to the conviction.

## *Discussion*

The papers presented are subject to multiple deficiencies.

First, under Local Rule LSR 3-1, a habeas petition must be filed on the Court's required form. Petitioner did not use the Court's required form but instead used a national form.

Second, the petition failed to name the proper respondent. The proper respondent when a petitioner is on probation is the particular probation officer responsible for supervising the petitioner along with the official in charge of the probation agency. See Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases. The proper respondent when a petitioner instead is in physical custody is the petitioner's immediate physical custodian. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004). Petitioner instead named the presiding state district court judge, who is not a proper respondent.

Third, to the extent that petitioner sought to restrain the pending state probation revocation proceedings, the matter was subject to equitable restraint under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1970). As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*. Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. Petitioner's multiple motions seeking to restrain the probation revocation proceedings failed to demonstrate such extraordinary circumstances. All of petitioner's allegations and claims presented matters that could be addressed in a timely and properly brought appeal, state post-conviction proceeding, and/or other proper proceeding in the state courts. All such requests for federal intervention in the pending state proceedings are in any event moot following upon the conclusion of the probation revocation proceedings with no timely appeal having been taken. Nothing remains pending.

Fourth, to the extent, if any, that petitioner would continue to seek to challenge his conviction,[3] none of the claims in the petition have been exhausted.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this requirement, the claim must have been fairly presented to the state courts completely through to the highest level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Fair presentation requires that the petitioner present the state courts with both the operative facts and the

---

[3]Petitioner was on probation and thus was in custody for purposes of federal habeas jurisdiction at the time that the petition was filed. Expiration of his sentence thereafter would not deprive the Court of jurisdiction over the petition or necessarily moot the petition.

federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In the present case, petitioner has filed no proceedings in the state appellate courts regarding his conviction in No. C-14-302181. The petition therefore is completely unexhausted.

The Court further *sua sponte* has considered whether a stay for exhaustion would be appropriate in this matter, pursuant to *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016). In order to obtain a stay to return to the state courts to exhaust claims, petitioner would be required to demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims are not plainly meritless, and that the petitioner has not engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). In the present matter, petitioner cannot demonstrate good cause for the failure to exhaust his claims. He simply has eschewed then-available state procedures based on his patently frivolous belief that he would not receive due process on a – properly presented – request for relief in the Supreme Court of Nevada.[4] A stay accordingly is not appropriate herein, in what also has been a frivolous invocation of federal habeas jurisdiction.[5]

Due to the multiple deficiencies presented, the petition will be dismissed without prejudice. The Court finds that further proceedings herein prior to a dismissal without prejudice would be an imprudent application of limited judicial resources.

All pending motions will be denied following upon the dismissal of this action without prejudice. With regard to the motion for appointment of counsel, the Court does not find that the interests of justice require the appointment of counsel in this matter.

---

[4] See text at 2 and n.2, *supra.*

[5] The Court expresses no opinion as to the remaining *Rhines* requirements given that petitioner cannot demonstrate good cause for his failure to exhaust state court remedies through to the highest state court level of review available.

1  IT THEREFORE IS ORDERED that the petition is DISMISSED without prejudice and
2 that all pending motions (ECF Nos. 2, 3, 5, 7 and 9) are DENIED.
3  IT FURTHER IS ORDERED that a certificate of appealability is DENED. Jurists of
4 reason would not find debatable whether the Court was correct in its dismissal of the action
5 without prejudice on procedural grounds, for the reasons discussed herein.
6  The Clerk of Court shall enter final judgment accordingly, dismissing this action without
7 prejudice.
8  The Clerk additionally shall mail an informational hard copy of this order to the Hon.
9 Michelle Leavitt, District Judge, Regional Justice Center, 200 Lewis Ave., Las Vegas, NV
10 89155, in connection with No. C-14-302181 in the state district court.
11  DATED: November 21, 2016

_____
KENT J. DAWSON
United States District Judge